**UNITED STATES of America, Plaintiff,**

v.

**Karen Rednose GUOLADDLE, Defendant.**

**No. CR–79–162–D.**

United States District Court, W. D. Oklahoma.

Nov. 14, 1979.

Larry D. Patton, U. S. Atty., by John E. Green, First Asst. U. S. Atty., and Kathleen Flanagan, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

E. Elaine Schuster, W. Terry Flaugher, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Presently before the Court is Defendant's "Challenge to Array and Motion to Quash Jury Panel" wherein Defendant moves the Court to quash the jury panel summoned by the Court to appear on November 13, 1979, and from which a jury will be selected to try Defendant in this case. In support of her Motion, Defendant, an Indian, contends that a trial before this jury panel will deprive her of various constitutional rights including the right to a trial by a jury of her peers as there are no Indians on the jury panel. Furthermore, Defendant maintains that none of the counties in this division which actually provide the members of the jury panel "contain any readily identifiable restricted Indian population such as the area of the District where the Defendant now lives." As an alternative to her request to quash the jury panel, Defendant asks the Court to transfer this case to the "Chickasha Judicial District."

The Court has considered Defendant's contentions and determines the same to be without merit. It is well settled that a defendant has no right to a grand or petit jury of any given demographic composition, but only to jury panels selected from a source "reasonably representative" of the community. *United States v. Test*, 550 F.2d 577, 590 (Tenth Cir. 1976); *see, e. g., Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S.Ct. 692, 701, 42 L.Ed.2d 690 (1975); *Alexander v. Louisiana*, 405 U.S. 625, 628, 92 S.Ct. 1221, 1224, 31 L.Ed.2d 536 (1972). In this connection, the members of the instant jury panel were selected pursuant to the plan for the random selection of grand and petit jurors established by Local Court Rule 30. This Court has previously determined that this jury selection plan meets the requirements of the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 et seq., and that jurors selected pursuant to said plan represent a fair cross–section of the community of the Western District of Oklahoma. The four jury divisions established

in this judicial district were also held to be proper under this Act. *See United States v. Grey*, 355 F.Supp. 529 and 537 (W.D.Okl. 1973). Therefore, the Court determines that Defendant's request to quash the jury panel should be denied.

 Turning to Defendant's alternative request to transfer this case to the "Chickasha Judicial District," the Court notes that Local Court Rule 3(e) permits the Court to order the transfer of any criminal proceeding to Chickasha whenever such a transfer will serve "the convenience of parties or witnesses, in the interest of justice." However, Defendant has presented nothing to the Court to indicate that the transfer of this action to Chickasha would be more convenient for either Plaintiff or Defendant or that such a transfer would be in the interests of justice. Furthermore, even if this case were transferred to Chickasha, a jury panel substantially different in composition from the instant panel would not be selected for the trial of this case as Local Court Rule 30 requires jurors for trials held either in Oklahoma City or Chickasha to be drawn from the same counties. Moreover, there is no Federal Courtroom in Chickasha at this time and courtroom facilities would have to be improvised or borrowed. Thus, the Court determines that Defendant's alternative request to transfer this action to Chickasha should also be denied.

In view of the foregoing, the Court finds and concludes that Defendant's "Challenge to Array and Motion to Quash Jury Panel" should be overruled.